Filed 10/16/20  P. v. Kelly CA4/1

# NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## COURT OF APPEAL, FOURTH APPELLATE DISTRICT

## DIVISION ONE

## STATE OF CALIFORNIA

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>DAN KELLY,<br><br>    Defendant and Appellant. | D077357<br><br><br><br>(Super. Ct. No. SCD283756) |

APPEAL from a judgment of the Superior Court of San Diego County, Jeffrey B. Barton, Judge.  Affirmed.

Ava R. Stralla, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance by Plaintiff and Respondent.

OVERVIEW

On November 4, 2019, the District Attorney for San Diego County filed an information charging defendant Dan Kelly with one count of pimping in violation of Penal Code section 266h, subdivision (a) (count 1); and one count of selling a controlled substance, heroin, in violation of Health and Safety

Code section 11352, subdivision (a) (count 2). A jury found defendant guilty of both offenses.

On February 28, 2020, defendant was sentenced to the upper term of six years on count 1 and a concurrent three-year term (the lower term) on count 2. The court further found that defendant had lost his veterans benefits and had no ability to pay all fines, fees, and assessments except for the $80 court assessment under Penal Code section 1465.8, and the $60 conviction assessment under Government Code section 70373. The court reserved its jurisdiction to assess victim restitution under Penal Code section 1202.4, subdivision (f). Defendant was awarded 268 total custody days. Affirmed.

## BACKGROUND

Defendant has provided a detailed statement of facts. We summarize briefly: In the months leading up to October 2019, the San Diego Police Department (SDPD) received multiple complaints that narcotics activity and pimping was taking place at a disabled veteran living facility on Alvarado Road in San Diego. In early October, Vice Detective Zoller moved into the facility, pretending to be a resident. He was joined there at times by Vice Detective McNett, who pretended to be a friend and visitor of Zoller. The detectives made contact with defendant, who sold heroin to Zoller. The parties at trial stipulated the "black tar-like substance" defendant handed Detective Zoller "was heroin and had a net weight that is without packaging of .26 grams."

Detective Zoller then asked if defendant could supply him and Detective McNett with a prostitute who would be willing to have sex with both men. About 15 minutes later, per their agreement, Detective Zoller called defendant, and their conversation was recorded. Shortly thereafter,

defendant brought a prostitute to Detective Zoller's room. Defendant took $100 each from Detectives Zoller and McNett, who also gave defendant a $20 "tip" as requested by defendant. Defendant then paid the prostitute $80, and left the room. A short while later, the detectives gave the "bust signal" and the prostitute was arrested, as was defendant a few minutes later.

Defendant filed a timely notice of appeal.

## DISCUSSION

Appellate counsel has filed a brief pursuant to *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*) and *Anders v. California* (1967) 386 U.S. 738 (*Anders*), stating she has examined the record and finds no arguable issues which would modify or reverse the case. She requests this court independently review the record to determine if we see any issue which would modify or reverse the case.

To assist the court, appellate counsel directs our attention to the limiting instruction given by the court with respect to stating aloud that they had reports about defendant engaging in pimping and narcotics activity; whether defendant's conduct met the definition of pimping even though no lewd conduct occurred; and whether defendant was a candidate for a hearing under section 1170.91, which would have made defendant's military service a mitigating factor if it led to his addiction or other mental health issues.

Defendant has been offered an opportunity to file a supplemental brief on his own behalf. He has not done so.

We have reviewed the entire record as required by *Wende* and *Anders.* We have not discovered any arguable issues for reversal on appeal, including on the grounds raised by appellate counsel in her *Wende* brief. Competent counsel has represented defendant on this appeal.

3

## DISPOSITION

The judgment is affirmed.

BENKE, Acting P. J.

WE CONCUR:

O'ROURKE, J.

DATO, J.

4